Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# OPINION

No. 04-11-00119-CV

Peter E. **PRATT**, Jr., Court appointed receiver and special master
on behalf of the receivership estate of Curtis Muecke,
Appellant

v.

**AMREX, INC.** d/b/a Falco Pest Mangement,
Appellee

From the 38th Judicial District Court, Uvalde County, Texas
Trial Court No. 2010-08-27,697-CV
Honorable Mickey R. Pennington, Judge Presiding

Opinion by:　Sandee Bryan Marion, Justice

Sitting:　　Sandee Bryan Marion, Justice
　　　　　Phylis J. Speedlin, Justice
　　　　　Rebecca Simmons, Justice

Delivered and Filed:　August 24, 2011

REVERSED AND RENDERED

Appellant, court-appointed receiver and special master on behalf of the receivership estate of Curtis Muecke, Peter E. Pratt, Jr. ("the Receiver"), appeals from the trial court's order rendering summary judgment in favor of appellee, Amrex, Inc. d/b/a Falco Pest Management ("Amrex"). We reverse and render judgment in favor of the Receiver.

**BACKGROUND**

In 2001, Curtis and Nancy Muecke borrowed $80,000 from Security State Bank and Trust of Fredericksburg, Texas ("Security State Bank"), using real property in Uvalde County ("the Uvalde property") as security. The Mueckes executed a deed of trust encumbering the Uvalde property for the benefit of Security State Bank.

In early 2003, Marlin Leasing Corporation filed a collection suit against Curtis in the Superior Court of New Jersey. Shortly thereafter, on July 14, 2003, Curtis and Nancy executed a document purporting to convey to Nancy all of Curtis's community property that he then owned and might later acquire, which would include Curtis's community property interest in the Uvalde property. Curtis and Nancy recorded the document, which they titled the "Partition Agreement," in the county of their residence—Gillespie County—but not in the real property records of Uvalde County.

Two years later, on June 30, 2005, the New Jersey court entered a default judgment against Curtis for $38,069.29 plus $315.00 in costs with three percent annual interest. The default judgment was domesticated in Harris County, Texas on November 11, 2005. On March 14, 2006, a Harris County court appointed a receiver for Curtis's estate.

On May 16, 2006, the Receiver executed a special warranty deed conveying the Uvalde property from Curtis to the receivership estate, and on May 18, 2006, the Receiver recorded the deed in Uvalde County. On November 14, 2006, the Harris County court entered an order authorizing the Receiver to sell the Uvalde property. At present, the Receiver has not yet sold the Uvalde property.

On March 6, 2007, without the Receiver's knowledge and without approval from the Harris County court, Security State Bank foreclosed its deed of trust lien against the Uvalde

property and issued a substitute trustee's deed to the buyer at the foreclosure sale, Amrex, for $68,930. Amrex promptly recorded the substitute trustee's deed in Uvalde County. On May 26, 2010, the Receiver sent a letter to Amrex, advising it that its title to the Uvalde property is void because Security State Bank failed to obtain approval for the foreclosure from the Harris County court in which the receivership is pending.

On August 2, 2010, the Receiver filed suit against Amrex in Uvalde County, seeking declaratory judgment that Amrex's substitute trustee's deed is a void instrument and is cancelled and stricken from the real property records of Uvalde County. Amrex responded with a general denial.

On October 25, 2010, the Receiver moved for traditional summary judgment, again requesting a declaratory judgment that Amrex's substitute trustee's deed is void as a matter of law. On November 10, 2010, Amrex filed its response to the Receiver's motion for summary judgment and its own traditional motion for summary judgment, requesting a declaratory judgment that the Receiver's special warranty deed is void as a matter of law and Amrex's substitute trustee's deed is valid as a matter of law. On December 22, 2010, the trial court denied the Receiver's motion and granted Amrex's motion. The trial court's order declared the Receiver's special warranty deed void as a matter of law and Amrex's substitute trustee's deed valid as a matter of law. The Receiver appeals.

## SUBJECT MATTER JURISDICTION

As a preliminary matter, Amrex notes in its brief that the Uvalde County trial court may have lacked subject matter jurisdiction over the underlying lawsuit and that jurisdiction instead belonged to the Harris County court. If so, Amrex asserts this court would have jurisdiction only to set aside the trial court's judgment for lack of jurisdiction and dismiss this appeal. Amrex

directs us to this court's opinion in *Chimp Haven, Inc. v. Primarily Primates, Inc.*, 281 S.W.3d 629 (Tex. App.—San Antonio 2009, no pet.).

Generally, the court appointing a receiver has exclusive jurisdiction over property subject to the receivership. *Id.* at 633 (citing *Neel v. Fuller*, 557 S.W.2d 73, 76 (Tex. 1977); *Lauraine v. Ashe*, 191 S.W. 563, 565 (Tex. 1917)). The court retains power over the receivership property until it either relinquishes its jurisdiction over the suit or discharges the receiver and restores the receivership property to its rightful owners. *Id.* (citing *Tex. & Pac. Ry. Co. v. Johnson*, 13 S.W. 463, 466 (Tex. 1890); *Lauraine*, 191 S.W. at 565). In *Chimp Haven*, this court held the Bexar County district court did not have subject matter jurisdiction over personal property subject to a receivership because the Travis County probate court, as the court appointing the receiver, had exclusive jurisdiction over the receivership property until it was restored to its rightful owners. *Id.*

However, when real property is at issue, "suits by a receiver against strangers to the receivership . . . are governed by the venue law of this state, without regard to the fact that one of the parties is a duly qualified and acting receiver." *Nelson v. Thompson*, 64 S.W.2d 373, 375 (Tex. Civ. App.—Dallas 1933, writ dism'd); *accord* TEX. CIV. PRAC. & REM. CODE ANN. § 64.052 (West 2008). Here, Amrex interprets *Chimp Haven* as standing for the proposition that the only court with subject matter jurisdiction over the Uvalde property is the court that appointed the Receiver—the Harris County court. But because this case involves suit by the Receiver against a stranger to the receivership (Amrex), the court in which venue is proper (the Uvalde County district court) also has subject matter jurisdiction over the real property subject to the receivership. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.011 (West 2002) ("Actions . . . to quiet title to real property shall be brought in the county in which all or a part of the property is

located."). Therefore, the Uvalde County district court had subject matter jurisdiction over the Receiver's suit, despite the receivership, and this court has jurisdiction to review this appeal on the merits.

## SUMMARY JUDGMENT

When both parties file motions for summary judgment, each party must carry its burden and neither party may prevail because the other failed to discharge its own burden. *Villarreal v. Laredo Nat'l Bank*, 677 S.W.2d 600, 605 (Tex. App.—San Antonio 1984, writ ref'd n.r.e.). When one of the competing motions for summary judgment is granted and the other is denied, we will determine all questions presented to the trial court. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex. 1988). The trial court should consider all evidence accompanying both motions when deciding whether to grant either motion. *Villarreal*, 677 S.W.2d at 605. We will affirm or reverse the judgment and render the judgment the trial court should have rendered, including judgment for the movant who lost below. *Jones*, 745 S.W.2d at 900.

The Receiver argues the trial court erred in declaring the Receiver's special warranty deed void because (1) the Partition Agreement did not divest Curtis of his community property interest in the Uvalde property because it was not recorded in Uvalde County and, therefore, was ineffective against the Receiver; (2) the Receiver's special warranty deed properly placed the Uvalde property *in custodia legis*; (3) Security State Bank had no authority to foreclose its lien against the Uvalde property because the property was *in custodia legis*; and (4) because Security State Bank improperly foreclosed, it had no title to convey to Amrex, thereby making Amrex's substitute trustee's deed void as a matter of law.

We first determine whether the Partition Agreement was effective against the Receiver. Texas Family Code section 4.106 provides:

> A partition or exchange agreement made under this subchapter may be recorded in the deed records of the county in which a party resides and in the county in which the real property affected is located. An agreement made under this subchapter is constructive notice to a good faith purchaser for value or a creditor without actual notice *only if the instrument is acknowledged and recorded in the county in which the real property is located.*

TEX. FAM. CODE ANN. § 4.106(b) (West 2006) (emphasis added). There is no dispute that the Partition Agreement was not recorded in Uvalde County, where the real property is located. Accordingly, we agree with the Receiver that there was no constructive notice to him of the Partition Agreement, and any agreement conveying Curtis's interest to Nancy was ineffective against the Receiver. Therefore, the Receiver was authorized to convey the Uvalde property to the receivership estate by special warranty deed, and that conveyance is not void.

Next, we must determine whether Security State Bank had authority to foreclose on the Uvalde property without the Harris County court's permission and, if not, whether the substitute trustee's deed to Amrex is void as a matter of law.

When the Receiver deeded the Uvalde property to the receivership estate, the property was placed *in custodia legis.* Property held *in custodia legis* is "in the custody of the law." BLACK'S LAW DICTIONARY 783 (8th ed. 2004). No one, even a lienholder under a prior deed of trust, has authority to sell property held *in custodia legis* by a court-appointed receiver, unless the court in which the receivership is pending authorizes the sale. *First S. Props., Inc. v. Vallone*, 533 S.W.2d 339, 341 (Tex. 1976). Any sale or transfer of property in violation of this rule is void as a matter of law. *Id.* at 342.

Here, the Receiver's deed was recorded in Uvalde County prior to the foreclosure, and Amrex concedes in its motion for summary judgment that the Harris County court did not give Security State Bank permission to foreclose on the Uvalde property. However, Amrex argues its substitute trustee's deed is nonetheless valid because (1) Amrex was a bona fide purchaser

without notice, and (2) the Receiver's special warranty deed is void as a matter of law because Curtis had no equity in the Uvalde property when it was deeded to the receivership estate.

As to Amrex's first argument, not even a bona fide purchaser without notice of the pendency of the receivership estate can obtain title to property held *in custodia legis*. *Id.* The "apparent harshness" of this rule is "tempered somewhat by the fact that a purchaser without actual notice under an execution or deed of trust sale is entitled to recover his money" from the seller. *Id.* at 343. Thus, even assuming Amrex was a bona fide purchaser, it could not acquire title to the Uvalde property while the property was *in custodia legis*.

Next, Amrex argues the Receiver's special warranty deed is void as a matter of law because Curtis had no equity in the Uvalde property at the time it was deeded to the receivership estate. According to Amrex, at the time the Receiver took custody, the property was appraised at $101,843 and was encumbered by two prior liens: Security State Bank's lien for $80,000 and a federal tax lien for $45,372.96. Relying on the Waco Court of Appeals decision in *Chase Manhattan Bank v. Bowles*, 52 S.W.3d 871 (Tex. App.—Waco 2001, no pet.), Amrex contends the Receiver's special warranty deed was void because Curtis had no equity interest in the Uvalde property to convey to the receivership estate.

In *Bowles*, the Waco court held prior lienholders' claims to property subject to a receivership take priority over the receiver's claims for costs, expenses, and attorney's fees. *Id.* at 880. In that case, when the receiver was unable to sell the property subject to the receivership, the prior lienholders moved, over the receiver's objection, to release the property from the receivership estate so that they could pursue foreclosure. *Id.* at 875. The receiver argued the trial court should enjoin release of the property from the receivership estate in order to protect his interest in recouping his own costs, expenses, and fees. *Id.* The appeals court held that because

there would be no equity in the property after payment of the prior liens (and, therefore, the receiver's expenses would not be paid from the sale anyway), there was no reason for the trial court to enjoin release of the property from the receivership estate. *Id.* at 880–81.

*Bowles* is distinguishable from the case at issue here: in *Bowles*, lienholders sought the trial court's permission to release property from the receivership estate so that they could foreclose; here, the lienholder—Security State Bank—did not obtain the trial court's permission to release the Uvalde property from the receivership and foreclosed while the property was still *in custodia legis*. Amrex, thus, cites no authority to support its contention that Curtis's purported lack of equity in the Uvalde property allowed Security State Bank to foreclose without the Harris County court's permission.

### CONCLUSION

Because Security State Bank was without authority to foreclose on the Uvalde property without the Harris County court's permission, it had no title to convey to Amrex. Therefore, the substitute trustee's deed from Security State Bank to Amrex was void as a matter of law, and the trial court erred in concluding the Receiver's special warranty deed was void. We reverse the trial court's judgment granting Amrex's traditional motion for summary judgment and render judgment that Amrex's substitute trustee's deed is void as a matter of law.


Sandee Bryan Marion, Justice