# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-14-00183-CV

Carol Kormanik, Appellant

v.

Victor Seghers, Appellee

FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT
NO. 2013V-016, HONORABLE, JEFF R. STEINHAUSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from the judgment of the district court of Fayette County denying a petition for a permanent injunction. This Court will affirm the judgment.

By her suit appellant Carol Kormanik sought to restrain the sheriff of Fayette County from conducting the sale of a 98-acre tract of land near Praha (the Land) that she claimed to be her separate property. The scheduled sale was at the instance of her husband's judgment creditor, appellee Victor Seghers.

Carol pleaded that on April 28, 2007, she and her husband Ronald, an attorney, entered into a "Partition or Exchange Agreement" (the Partition Agreement) concerning their community property. The Partition Agreement transferred title to the couple's homestead to Ronald as his separate property; title to all other community property was transferred to Carol as her separate property. Included in the property partitioned to her, and the subject of this appeal, was the Land.

At that time, the Partition Agreement was neither acknowledged nor recorded in Fayette County. Carol pleaded further that in 2009, Seghers obtained a $130,000 judgment against her husband in the district court of Harris County in a legal malpractice suit.

The Harris County judgment became final and, on November 26, 2012, Seghers filed an abstract of judgment in Fayette County. The Fayette County sheriff scheduled the sale of the Land for February 2013. On January 10, 2013, Ronald telephoned the sheriff's office concerning the upcoming sale. On January 15, 2013, Carol and Ronald filed their Partition Agreement in the Fayette County records. At the time of filing, they acknowledged that they had signed the Partition Agreement on April 28, 2007.

Carol filed suit on January 30, 2013, requesting temporary and permanent injunctive relief restraining the sale of the Land. The district court granted temporary injunctive relief and set the case for trial for December 9, 2013. On appeal, this Court affirmed the temporary injunction. *See Seghers v. Kormanik*, No. 03-13-00104-CV, 2013 WL 3336845, at *5 (Tex. App.—Austin June 26, 2013, no pet.) (mem. op.).

On Friday, December 6, 2013, before the trial setting scheduled for the following Monday morning, the parties submitted to the court a stipulation. The stipulation provides, in part, as follows:

**STIPULATION AS TO EVIDENCE AND WAIVER OF JURY**

**COME NOW**, Carol Kormanik, Plaintiff, and Victor Seghers, Intervenor, the real parties in interest in this case, hereby stipulate that the following would be the evidence presented at the trial of this cause:

1. Plaintiff and her husband, Ronald Kormanik, would testify that the Partition and Exchange Agreement between Plaintiff and her husband was executed on April 28, 2007 for the purposes therein expressed and Seghers would have no evidence to the contrary.

2. Seghers had no knowledge of the existence of the Partition and Exchange Agreement until sometime after this lawsuit was filed by Plaintiff on January 30, 2013 and Plaintiff would have no evidence to the contrary.

There were also a number of exhibits stipulated to be admitted into evidence, subject to objections other than authenticity. However, Carol never filed any objections to the exhibits. The Land was the subject of some of the exhibits, including, relevant here, an oil and gas lease and some banking transactions putting up the Land as collateral for loans. Both Carol and Ronald signed these documents.

After the stipulation was filed, the district court began its study of the file and in about a month, on January 2, 2014, the court wrote counsel:

I have reviewed the file and Stipulation as to Evidence and Waiver of Jury. It does not appear as if any further filings are necessary. Is there anything preventing a final determination of this matter?

Two weeks later, Carol's attorney wrote the court insisting that the stipulation was not an agreed case and that it did not contain all the facts necessary to decide the case. Thereafter, the district court rendered judgment dissolving the temporary injunction and denying the petition for permanent injunction.

On appeal, Carol complains that the stipulation was not a Rule 263 agreed case. Rule 263 provides as follows:

3

Parties may submit matters in controversy to the court upon an agreed statement of facts filed with the clerk, upon which judgment shall be rendered as in other cases; and such agreed statement signed and certified by the court to be correct and the judgment rendered thereon shall constitute the record of the cause.

Tex. R. Civ. P. 263.

It is true that the stipulation was not signed and certified by the district court to be correct. And, as pointed out by Carol, the parties did not specifically reference Rule 263 in their stipulation. But it has long been held that literal compliance with Rule 263 is not required. *See Cobb v. Harrington*, 190 S.W.2d 709, 715 (Tex. 1945) ("It is in substantial, although not literal, compliance with Texas Rule 263 . . . under which an agreed statement of the facts and the judgment constitute the record in the cause."); *see also Abbott v. Blue Cross & Blue Shield*, 113 S.W.3d 753, 758 (Tex. App.—Austin 2003, pet. denied) (noting that "strict compliance with rule 263 is not a prerequisite for an agreed case"). The reviewing court will treat the case as having been submitted pursuant to Rule 263 if the facts show that the parties intended to submit an agreed case, that the court received it as such, and that the court based its judgment upon the parties' stipulation. *See Abbott*, 113 S.W.3d at 758; *Lambda Constr. Co. v. Chamberlin Waterproofing & Roofing Sys., Inc.*, 784 S.W.2d 122, 125 (Tex. App.—Austin 1990, writ denied).

The facts and circumstances here warrant the conclusion that the parties and the district court regarded the stipulation as an agreed case and that the district court based its judgment on the stipulation. From the beginning, and in her petition for a permanent injunction, Carol took the position that there was "no issue of fact to be decided." Instead of showing up for trial on Monday morning, the parties filed the "stipulation as to evidence" on the preceding Friday. The

4

court, accordingly, did not call the case for trial but began its review of the file. In about a month, the court wrote the parties signaling that it was about ready to render judgment. Two weeks later, in a tenth-inning move, Carol reversed course, claiming that there was no Rule 263 agreed case and that a trial was necessary so "that facts not contained in the stipulation but necessary to the court's decision can be placed in evidence." The court rendered judgment shortly thereafter. We conclude that the cause was submitted as an agreed case.

Although Seghers advances several theories for affirmance, we will affirm the judgment upon the authority of section 4.106(b) of the Family Code, which provides as follows:

> A partition or exchange agreement made under this subchapter may be recorded in the deed records of the county in which a party resides and in the county in which the real property affected is located. An agreement made under this subchapter is constructive notice to a good faith purchaser for value or a creditor without actual notice only if the instrument is acknowledged and recorded in the county in which the real property is located.

Tex. Fam. Code § 4.106(b).

The statute plainly does not impose constructive notice upon a good-faith purchaser for value or a creditor without actual notice unless the partition or exchange agreement is acknowledged and recorded in the county in which the real property is located. Seghers filed the abstract of the Harris County judgment in the records of Fayette County on November 26, 2012. It was stipulated that Seghers had no knowledge of the existence of the Partition Agreement at that time. Neither did he have constructive notice of its existence because the Partition Agreement was not filed in the Fayette County records until January 15, 2013. Because he had no constructive notice of the Partition Agreement, its transfer of Ronald's interest in the Land to

5

Carol was ineffective as against Seghers. *See id.*; *Pratt v. Amrex, Inc.*, 354 S.W.3d 502, 506 (Tex. App.—San Antonio 2011, pet. denied) (holding that, under section 4.106, unrecorded partition agreement was not constructive notice to good-faith purchaser).

The judgment is affirmed.

_____
Bob E. Shannon, Justice

Before Justices Puryear, Field, and Shannon*

Affirmed

Filed   October 1, 2015

* Before Bob E. Shannon, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).