ACCEPTED
03-14-00183-CV
7855612
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/17/2015 8:50:17 AM
JEFFREY D. KYLE
CLERK

NO. 03-14-00183-CV

---

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/17/2015 8:50:17 AM
JEFFREY D. KYLE
Clerk

---

CAROL KORMANIK,

*Appellant*

vs.

VICTOR SEGHERS,

*Appellee*

---

On Appeal From the 155th Judicial District Court of
Fayette County, Texas
Trial Court Cause No. 2013v-016

---

APPELLANT'S MOTION FOR REHEARING

---

Michael D. Sydow
State Bar No. 19592000
5020 Montrose Boulevard
Suite 450
Houston, Texas 77006
(713) 622-9700 [Telephone]
(713) 522-1949 [Telecopier]
michael.sydow@thesydowfirm.com

Attorney for Appellant,
Carol Kormanik

1

NO. 03-14-00183-CV

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN

_____

CAROL KORMANIK,
*Appellants*,

vs.

VICTOR SEGHERS,
*Appellee*.

Appealed from the 155th Judicial District Court of Fayette County, Texas
Trial Court Cause No. 2013v-016

**APPELLANT'S MOTION FOR REHEARING**

TO THE HONORABLE COURT OF APPEALS:

**COMES NOW**, Appellant Carol Kormanik and submits this Motion for

Rehearing in response to the opinion issued by the Court on October 1, 2015, and

requests that the Court consider the following issues:

1.  Whether the Court should dismiss this appeal as moot because, during the pendency of the appeal, the Land was sold in an unrelated foreclosure sale.

2.  Alternatively, if the Court decides that the appeal is not moot, whether the Court erred in determining that the sheriff's sale could proceed when it is undisputed that the Land was Carol's separate property and not subject to the liabilities of her husband, Ronald Kormanik.

2

**1.     This case is moot because the Land was sold in an unrelated foreclosure sale during the pendency of the appeal.**

This case is moot. Under the constitution, courts have no jurisdiction to render advisory opinions. *Coburn v. Moreland*, 433 S.W.3d 809, 825 (Tex. App.—Austin 2014, no pet.). A court cannot decide a case that has become moot during the pendency of an appeal. *Id.* "A case [on appeal] becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome." *Id.* (quoting *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012)). In other words, a case is moot when the court's action on the merits cannot affect the parties' rights or interests. *Id.*

The Supreme Court has recognized two exceptions to the mootness doctrine: (1) the capability of repetition yet evading review exception; and (2) the collateral consequences exception. *Gen. Land Office v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex. 1990). Neither exception applies in this case.

Here, on January 30, 2013, Carol filed a suit seeking a permanent injunction to prevent the Fayette County sheriff from selling the Land. The trial court denied the permanent injunction on February 13, 2014, which would have allowed the sheriff to sell the Land. Carol then appealed the trial court's judgment, delaying the sale. Carol filed her notice of appeal on April 7, 2014. During the pendency of this appeal, on April 7, 2015, the Land was sold in an unrelated transaction by Michael

G. Tapp, substitute trustee, pursuant to a note and deed of trust entered into by Carol and Ronald Kormanik. A copy of the recorded Substitute Trustee's Deed and Bill of Sale showing the date of sale is attached as Exhibit "A".[1] This appeal was submitted on the briefs on July 29, 2015, and this Court issued its opinion and judgment on October 1, 2015.

Since the time this appeal was filed, April 7, 2014, and because of the foreclosure sale, there has ceased to exist a justiciable controversy between the parties. A judgment from this Court permitting or prohibiting the sheriff's sale of the Land would be meaningless at this point because there is nothing on which the judgment could operate; that is, the Court's judgment would be wholly ineffectual because it lacks a subject matter—the Land—on which it could operate. *See S. Padre Dev. Co. v. Tex. Commerce Bank N.A.*, 538 S.W.2d 475, 478–79 (Tex. Civ. App.—Corpus Christi 1976, no writ); *see also O'Brian v. First State Bank*, No. 03-95-00644-CV, 1996 Tex. App. LEXIS 4099, at *6–7 (Tex. App.—Austin Sep. 11,

---

[1] Although Exhibit "A" was not part of the appellate record in this case, Carol asks the Court to take judicial notice of Exhibit "A" and the date of the substitute trustee's sale. A court can take judicial notice at any stage of the proceeding, including on appeal. Tex. R. Evid. 201(d); *Office of Pub. Util. Counsel v. Pub. Util. Comm'n*, 878 S.W.2d 598, 600 (Tex. 1994). A court can judicially notice a fact that is not subject to reasonable dispute because the fact is either generally known or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Tex. R. Evid. 201(b). A court can take judicial notice of a recorded deed reflecting on its face that it is a certified document that was recorded with the county clerk. *Johnson v. Johnson*, No. 03-02-00427-CV, 2005 Tex. App. LEXIS 10458, at *18 (Tex. App.—Austin Dec. 16, 2005, no pet.) (mem. op.). Exhibit A is an accurate copy of a recorded deed that reflects on its face that it is a certified document that was recorded with the Fayette County clerk on April 13, 2015. Additionally, Carol does not anticipate that Seghers will dispute the accuracy or authenticity of Exhibit "A".

1996, writ denied) (not designated for publication) (discussing a prior decision in related case involving a foreclosure sale that had already been completed). Therefore, this appeal is moot.

Accordingly, the Court should grant this Motion for Rehearing, withdraw its opinion dated October 1, 2015, and issue a new opinion dismissing the appeal for want of jurisdiction. *Heckman*, 399 S.W.3d at 162 ("If a case is or becomes moot, the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction.").

**2.      Alternatively, the Court erred when it concluded that the partition agreement was not effective as to Seghers.**

If the Court decides that the appeal is not moot, then the Court erred when it concluded that the Partition Agreement was not effective as to Seghers because, under the constitution, the character of partitioned property changes immediately upon execution of the written instrument, and a spouse's separate property is not subject to the liabilities of the other spouse.

Article XVI, section 15 of the Texas Constitution provides: "[S]pouses, without the intention to defraud pre-existing creditors, may by written instrument . . . partition between themselves all or part of their property, then existing or to be acquired, . . . *whereupon* the portion or interest set aside shall be and constitute a part of the separate property and estate of such spouse[.]" Tex Const. art. XVI, § 16 (emphasis added). The term "whereupon" means "as a consequence of which"

5

or "immediately after which." *See* Webster's New Twentieth Century Dictionary 2083 (2d ed. 1983); Oxford Dictionaries Online (Nov. 6, 2015, 2:40 PM), http://www.oxforddictionaries.com/us/definition/american_english/whereupon. The constitution contains no provision for notifying future creditors and does not mandate recordation in order to give a partition agreement its intended effect. Therefore, in this case, the Land immediately became Carol's separate property in 2007 when she executed the Partition Agreement.

Under Family Code section 3.202, "[a] spouse's separate property is not subject to liabilities of the other spouse unless both spouses are liable by other rules of law." Tex. Fam. Code § 3.202 (LEXIS current through 2015 R. Sess.). Here, the Land is Carol's separate property. The $130,000 judgment is against Ronald, not Carol. There are no rules of law that make both Ronald and Carol liable here. Therefore, the Land is not subject to Ronald's liabilities.

The question remains: How does Family Code section 4.106 fit into this scheme? Based on the rule that courts should not adopt a construction that would render a law absurd or meaningless, *Reliant Energy, Inc. v. Gonzalez*, 102 S.W.3d 868, 875 (Tex. App.—Houston [1st Dist.] 2003), *aff'd*, 159 S.W.3d 615 (Tex. 2005), Carol submits that section 4.106 is designed to protect bona fide purchasers and those creditors who successfully foreclose on *and* sell or convey the subject property to satisfy a debt. In this regard, by preventing a spouse from invoking a

partition agreement to challenge a legitimate sale after the sale is complete, section 4.106(b) protects both (1) bona fide purchasers without notice and (2) those creditors without notice who successfully convey the property and collect on a debt.

For instance, if (1) Carol had never intervened, (2) Sheriff Korenek had successfully sold the Land, and (3) Seghers had collected a portion of the sale price to satisfy the judgment debt, then Carol would have no recourse because the buyer purchased and Seghers collected without actual or constructive notice of the Partition Agreement. However, Carol did in fact prevent the sale when she intervened and asserted her constitutionally-protected separate-property rights in the Land. Therefore, because it is undisputed that the Land is Carol's separate property, section 4.106(b) is inapplicable.

The Court cited *Pratt v. Amrex, Inc.*, 354 S.W.3d 502 (Tex. App.—San Antonio 2011, pet. denied), in support of its ultimate conclusion that the partition agreement was not effective as to Seghers. However, that case is distinguishable from this one. In *Pratt*, a husband and wife executed a partition agreement but recorded it in the county of their residence rather than the county where the property was located. The husband died. A Harris County court appointed a receiver for the husband's estate. The receiver executed and recorded a special warranty deed conveying the subject property from the husband to the receivership

estate. Without the receiver's knowledge, a lender foreclosed its deed of trust against the subject property and issued a substitute trustee's deed to the buyer at the foreclosure sale. The receiver sued the buyer, seeking a declaratory judgment. The trial court granted the buyer's motion for summary judgment declaring the receiver's deed void as a matter law and the buyer's deed valid as a matter of law. *Id.* at 503–04. The court of appeals first considered whether the partition agreement was effective as to the receiver. In reversing the trial court, the court of appeals held that the completed conveyance to the receiver was valid because he did not have notice of the couple's partition agreement. *Id.* at 505–06.

Unlike this case, *Pratt* did not involve a judgment creditor or a spouse invoking her separate-property rights against a judgment creditor. Additionally, unlike this case, the *Pratt* court was considering transactions that had been consummated; the *Pratt* court did not have to consider how section 4.106(b) applied to a potential transaction that was interrupted by a petition for injunctive relief. Consequently, the conclusion reached in *Pratt* is inapplicable to this case.

Finally, family-law cases recognize that divesting a spouse of her separate property is reversible error. *Rivera v. Hernandez*, 441 S.W.3d 413, 425–26 (Tex. App.—El Paso 2014, pet. denied); *see also* Tex. Const. art. I, § 19. This is because "[t]he protection of one's right to own property is said to be one of the most important purposes of government. Th[e] right [to own property] has been

8

described as fundamental, natural, inherent, inalienable, not derived from the legislature and as preexisting even constitutions." *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 140 (Tex. 1977). Therefore, any order or judgment permitting the sheriff to divest Carol of her separate property in order to satisfy a judgment against Ronald would violate Carol's fundamental property rights.

In sum, because the Land was Carol's separate property and not subject to Ronald's liabilities and because Carol timely intervened to stop the sheriff's sale, the Court of Appeals erred when it concluded that the Partition Agreement was ineffective as to Seghers and affirmed the judgment of the trial court.

## 3. Conclusion & Prayer

For these reasons, the Court should grant this Motion for Rehearing, withdraw its October 1, 2015 opinion, and issue a substitute opinion dismissing the appeal as moot or, alternatively, reversing the trial court's judgment and rendering judgment in favor of Carol Kormanik.

Respectfully submitted,

**THE SYDOW FIRM**

/s/ Michael D. Sydow
Michael D. Sydow
michael.sydow@thesydowfirm.com
Texas Bar No. 19592000
5020 Montrose Boulevard, Suite 450
Houston, Texas 77006

9

(713) 622-9700 [Telephone]
(713) 552-1949 [Telecopier]
**ATTORNEYS FOR APPELLANT.**


## CERTIFICATE OF COMPLIANCE

Pursuant to Tex.R. App. Pro. 9.4(i)(3), the undersigns hereby certifies that according to the word count function of the computer program used to generate that document, the portions of the Motion for Rehearing subject to the rule contain 1,891 words total and that the text thereof is in 14 point Times New Roman font.

/s/ Michael D. Sydow
Michael D. Sydow


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Appellant's Motion for Rehearing* was served by electronic service upon all parties of record or their counsel, as indicated on the attached service list, on this 16th day of November, 2015.

/s/ Michael D. Sydow
Michael D. Sydow


**SERVICE LIST:**

Mr. Carl A. Generes
4358 Shady Bend Drive
Dallas, Texas 75244

**ATTORNEY FOR APPELLEE.**

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN

**CAROL KORMANIK,**

*Appellant*

**vs.**

**VICTOR SEGHERS,**

*Appellee*

**APPELLANT'S APPENDIX**

Substitute Trustee's Deed and Bill of Sale..............................................Exhibit "A"

# EXHIBIT "A"

## SUBSTITUTE TRUSTEE'S DEED
### and BILL OF SALE

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | KNOW ALL MEN BY THESE PRESENTS: |
| COUNTY OF FAYETTE | § | |

WHEREAS, on October 3, 2012, Ronald J. Kormanik and Carol A. Kormanik (hereinafter called "Mortgagor") executed and delivered a certain Deed of Trust conveying to Michael G. Tapp, Trustee, the hereinafter described real and personal property to secure the payment of a Promissory Note (hereinafter called "Note") in the original principal sum of $300,000.00, payable to the order of Contessa Capital, LLC, L. Tuffly Ellis Investments, LLC, and Diep Kim-Ngoc Nguyen, and executed by said Mortgagor on or about the same day as the Deed of Trust; said Deed of Trust being recorded in the Official Records of Fayette County, Texas, under Instrument No. 12-6069; Volume 1622, Page 226; and

WHEREAS, the Deed of Trust provides that if default is made in the payment of all or any part of the principal or interest of said Note as it becomes due and payable, then the holder of the Note may request the Trustee or Substitute Trustee to proceed to sell the property after giving and posting notice as provided in the Deed of Trust; and

WHEREAS, there has been a default in the payment of the note described in said Deed of Trust; and the beneficiary and owner and holder of the aforesaid note has appointed Michael G. Tapp as substitute trustee and requested him to enforce the sale provisions of the Deed of Trust;

WHEREAS, Michael G. Tapp, Substitute Trustee, gave or caused others to give notice of the time, place and the terms of the sale by posting notice for at least twenty-one (21) days preceding the date of the sale at the place designated for such postings at the County Courthouse of Fayette County, Texas, and by filing Notice of Sale in the Office of the County Clerk of Fayette County, Texas at least twenty-one (21) days preceding the date of sale, and by mailing written notice of the proposed sale to all obligors of said indebtedness at said obligors' last known mailing address as shown by the records of the holder of said debt, postage prepaid, certified mail, return receipt requested, at least twenty-one (21) days prior to the date of said sale; and

WHEREAS, Michael G. Tapp, Substitute Trustee, in accordance with the Deed of Trust and Substitute Trustee's Notice of Sale, did between the hours of 10:00 a.m. and 4:00 p.m. and within three (3) hours from the earliest time of sale as designated in said Notice of Sale, in the



**EXHIBIT**

**H**

This document to which this certificate is affixed is a full, true and correct copy of the original on file and of record in my office.

JUN 30 2015



JULIE KARSTEDT
COUNTY CLERK, FAYETTE COUNTY, TEXAS   KS

**EXHIBIT "A"**

area of the Courthouse of Fayette County, Texas designated for such sales by such county's Commissioner's Court, at public auction to the highest bidder for cash, offer the hereinafter described property for sale on April 7, 2015; and

WHEREAS, at such sale, the hereinafter described property was struck off by me to the hereinafter named Grantee for the amount stated below, such amount being the highest and the best bid obtained;

NOW THEREFORE, I, **Michael G. Tapp, Substitute Trustee**, whose address is 12611 Jones Road Suite 101, Houston, Texas, 77070, for and in consideration of the premises and Five Hundred Fifty Thousand and no/100 Dollars ($ 550,000.00) have GRANTED, BARGAINED, SOLD AND CONVEYED and do hereby GRANT, BARGAIN, SELL AND CONVEY unto II C.B., L.P., whose address is 2825 Wilcrest Suit 300, Houston, Texas, 77042, herein referred to as Grantee, its successor and assigns that certain real property located in Fayette County, Texas, more particularly described as follows, to-wit:

> 98.30 acres out of the J. C. Duff League, A-167, Fayette County, Texas, as more particularly described in Exhibit "A" attached hereto and incorporated herein for all purposes

together with: (i) all buildings, structures and other improvements now or hereafter situated on the foregoing described real property, (ii) all fixtures, equipment, apparatus, appliances, furniture, furnishings and other items now or hereafter attached to, installed in or used in connection with the foregoing described real property or improvements or buildings thereon including but not limited to any and all partitions, ducts, shafts, pipes, radiators, conduits, wiring, window screens and shades, drapes, rugs and other floor coverings, motors, engines, boilers, stockers, pumps, dynamos, transformers, generators, fans, blowers, vents, switchboards, compressors, furnaces, cleaning systems, call and sprinkler systems, fire extinguishing apparatus, water system, sewage disposal system, heating, plumbing, laundry, incinerating, air conditioning and air cooling systems, water, gas and electric equipment, and building materials, supplies and construction equipment of all of kinds, all of which property and things are hereby declared to be permanent accessions to the foregoing described real property, (iii) all rights, titles and interests now owned or hereafter acquired by Grantors in and to all easements, streets, roads, highways, and rights-of-way adjacent or contiguous to the foregoing described real property, (iv) all tracts or parcels of land and any interests therein presently owned by Grantors and contiguous to the foregoing described real property, (v) any strips or gores between the Land and abutting or adjacent properties; (vi) all water and water rights, timber, crops and mineral interests; and (vii) all rights, titles, interests, leases, privileges, hereditaments, appurtenances, estates, reversions and remainders owned or to be owned by Grantors in and to all or any portion of the foregoing described properties (all of the aforesaid being hereinafter sometimes called the "Property").

TO HAVE AND TO HOLD the above described property unto the Grantee, its successors and assigns forever; and I, as Substitute Trustee, do hereby bind and obligate said Mortgagor, their heirs and assigns, to WARRANT AND FOREVER DEFEND, the rights and title to the

This document to which this certificate is affixed is a full, true and correct copy of the original on file and of record in my office.

JUN 30 2015

JULIE KARSTEDT
COUNTY CLERK, FAYETTE COUNTY, TEXAS

above described premises unto the said Grantee against every person whomsoever lawfully claiming or to claim the same or any part thereof.

Signed April _8_, 2015.



Michael G. Tapp, Substitute Trustee

THE STATE OF TEXAS     §

                        §

COUNTY OF HARRIS    §

This instrument was acknowledged before me on April _8_, 2015, by Michael G. Tapp, in his capacity as Substitute Trustee.

PHYLLIS YUILL
Notary Public, State of Texas
My Commission Expires
October 13, 2016

Notary Public - State of Texas

after recording return to:
M. G. Tapp
12611 Jones Road Suite 101
Houston Texas 77070

This document to which this certificate is affixed is a full, true and correct copy of the original on file and of record in my office.

JUN 30 2015

JULIE KARSTEDT
COUNTY CLERK, FAYETTE COUNTY, TEXAS

**Exhibit H - Page 3 of 5**



## EXHIBIT 'A'

**File No.:**  1744469-HO15 (RH)
**Property:**  South Knezek Road, Fayette County, TX

ALL THAT CERTAIN TRACT OR PARCEL OF LAND SITUATED IN FAYETTE COUNTY, TEXAS, A PART OF THE J.C. DUFF LEAGUE, A-167, SAME BEING THAT CERTAIN 98.30 ACRE TRACT OF LAND DESCRIBED IN A DEED FROM AUGUST J. BILLY, BOHUMIR BILLY AND LUDMILA BILLY TO STANLEY J. KRIST, TRUSTEE, DATED NOVEMBER 10, 1994 AND RECORDED IN VOLUME 911, PAGE 419 OF THE DEED RECORDS OF FAYETTE COUNTY, TEXAS, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS, TO-WIT;

BEGINNING AT AN IRON ROD FOUND FOR THE SOUTHEAST CORNER, SAME BEING THE SOUTHEAST CORNER OF THE SAID STANLEY J. KRIST, TRUSTEE 98.30 ACRE TRACT OF LAND, SAME BEING THE NORTHEAST CORNER OF A 480.94 ACRE TRACT OF LAND DESCRIBED IN A DEED TO HOWARD MOORE IN VOLUME 443, PAGE 54, SAME LYING THE WEST BOUNDARY OF A 28.5 ACRE TRACT OF LAND DESCRIBED IN A DEED TO ALPHONSE KUBENKA IN VOLUME 635, PAGE 66;

THENCE, ALONG THE SOUTHERN BOUNDARY OF THE SAID STANLEY J. KRIST, TRUSTEE 98.30 ACRE TRACT AND THE NORTHERN BOUNDARY OF THE SAID HOWARD MOORE 480.94 ACRE TRACT, N 88° 04' 00" W 602.4 FEET TO AN IRON ROD FOUND AND N 88° 29' 00" W 1710.8 FEET TO AN IRON ROD POUND, N 33° 12' 00" W 98.6 FEET TO AN IRON ROD FOUND FOR THE MOST SOUTH SOUTHWEST CORNER OF THE SAID STANLEY J. KRIST, TRUSTEE 98.30 ACRE TRACT, SAME BEING THE SOUTHEAST CORNER OF A 0.4 ACRE TRACT OF LAND DESCRIBED IN A DEED TO ALLAN STRYK IN VOLUME 832, PAGE 127;

THENCE, ALONG THE WEST BOUNDARY OF THE SAID STANLEY J. KRIST, TRUSTEE 98.30 ACRE TRACT AND THE EAST BOUNDARY OF THE SAID ALLAN STRYK 0.4 ACRE TRACT AND THE EAST BOUNDARY OF A 5.00 ACRE TRACT OF LAND DESCRIBED IN A DEED TO ALLAN STRYK IN VOLUME 814, PAGE 834, NORTH, PASSING AN IRON ROD FOUND AT 23.0 FEET, A TOTAL DISTANCE OF 412.6 FEET TO AN IRON ROD FOUND FOR AN INTERIOR CORNER OF THE SAID STANLEY J. KRIST, TRUSTEE 98.30 ACRE TRACT, SAME BEING THE NORTHEAST CORNER OF THE SAID ALLAN STRYK 5.00 ACRE TRACT;

THENCE, ALONG THE NORTH BOUNDARY OF THE SAID STANLEY J. KRIST, TRUSTEE 98.30 ACRE TRACT AND THE NORTH BOUNDARY OF THE SAID ALLAN STRYK 5.00 ACRE TRACT AND THE SOUTH BOUNDARY OF THE SAID ALLAN STRYK 5.00 ACRE TRACT, N 88°22' 20" W 551.7 FEET TO AN IRON ROD FOUND FOR THE MOST WEST SOUTHWEST CORNER OF THE SAID STANLEY J KRIST, TRUSTEE 98.30 ACRE TRACT, SAME BEING THE NORTHWEST CORNER OF THE SAID ALLAN STRYK 5.00 ACRE TRACT, SAME LYING IN THE EAST BOUNDARY OF A 3 ACRE TRACT OF LAND DESCRIBED IN A DEED TO JOSEPHINE KALIAN IN VOLUME 422, PAGE 238;

THENCE, ALONG THE WEST BOUNDARY OF THE SAID STANLEY J. KRIST, TRUSTEE 98.30 ACRE TRACT, THE EAST BOUNDARY OF THE SAID JOSEPHINE KALIAN 3 ACRE TRACT, THE EAST BOUNDARY OF A 0.5 ACRE TRACT OF LAND DESCRIBED IN A DEED TO JEROME KALIAN IN VOLUME 857, PAGE 477 AND THE EAST BOUNDARY OF A 3.89 ACRE TRACT OF LAND DESCRIBED IN A DEED TO FELIX HAJEK IN VOLUME 684, PAGE 352, N 00°04' 40" W, PASSING AN IRON ROD FOUND AT 901.5 FEET A TOTAL DISTANCE OF 983.5 FEET TO AN IRON ROD FOUND FOR THE MOST WEST NORTHWEST CORNER OF THE SAID STANLEY J. KRIST, TRUSTEE 98.30 ACRE TRACT, SAME BEING THE NORTHEAST CORNER OF THE SAID FELIX HAJEK 3.89 ACRE TRACT, SAME LYING IN THE SOUTH BOUNDARY OF A 1.56 ACRE TRACT OF LAND DESCRIBED IN A DEED TO TOM HOWARD IN VOLUME 452, PAGE 208;

1 of 2

This document to which this certificate is affixed is a full, true and correct copy of the original on file and of record in my office.

JUN 30 2015



JULIE KARSTEDT
COUNTY CLERK, FAYETTE COUNTY, TEXAS

THENCE, ALONG THE NORTH BOUNDARY OF THE SAID STANLEY J. KRIST, TRUSTEE 98.30 ACRE TRACT AND THE SOUTH BOUNDARY OF THE SAID TOM HOWARD 1.56 ACRE TRACT AND THE SOUTH BOUNDARY OF A 2.17 ACRE TRACT OF LAND DESCRIBED IN A DEED TO EDWIN F. KURTZ IN VOLUME 461, PAGE 808, S 85° 52' 30" E 544.9 FEET TO AN IRON ROD FOUND FOR AN INTERIOR CORNER OF THE SAID STANLEY J. KRIST, TRUSTEE 98.30 ACRE TRACT, SAME BEING THE SOUTHEAST CORNER OF THE SAID EDWIN KURTZ 2.17 ACRE TRACT;

THENCE, ALONG THE WEST BOUNDARY OF THE SAID STANLEY J. KRIST, TRUSTEE 98.30 ACRE TRACT AND THE EAST BOUNDARY OF THE SAID EDWIN KURTZ 2.17 ACRE TRACT, N 04° 02' 00" E 182.8 FEET TO AN IRON ROD FOUND A CORNER OF THE SAID STANLEY J. KRIST, TRUSTEE 98.30 ACRE TRACT, SAME BEING THE SOUTHWEST CORNER OF A 0.08 ACRE TRACT OF LAND DESCRIBED AS TRACT TWO IN A DEED TO LUKE A. JASEK IN VOLUME 882, PAGE 473;

THENCE, ALONG A NORTH BOUNDARY OF THE SAID STANLEY J. KRIST, TRUSTEE 98.30 ACRE TRACT AND THE SOUTH BOUNDARY OF THE SAID LUKE A. JASEK 0.08 ACRE TRACT, S 87° 50' 40" E 52.0 FEET TO AN IRON ROD FOUND FOR AN INTERIOR CORNER OF THE SAID STANLEY J. KRIST, TRUSTEE 98.30 ACRE TRACT, SAME BEING THE SOUTHEAST CORNER OF THE SAID LUKE A. JASEK 0.08 ACRE TRACT;

THENCE, ALONG THE EAST BOUNDARY OF THE SAID LUKE A. JASEK 0.08 ACRE TRACT AND THE WEST BOUNDARY OF THE SAID STANLEY J. KRIST, TRUSTEE 98.30 ACRE TRACT, N 04°02' 00" E 65.0 FEET TO AN IRON ROD FOUND FOR THE MOST NORTH NORTHWEST CORNER OF THE SAID STANLEY J. KRIST, TRUSTEE 98.30 ACRE TRACT, SAME BEING THE NORTHEAST CORNER OF THE SAID LUKE A. JASEK, 0.08 ACRE TRACT, SAME LYING IN THE SOUTH MARGIN OF COUNTY ROAD 328;

THENCE, ALONG THE NORTH BOUNDARY OF THE SAID STANLEY J. KRIST, TRUSTEE 98.30 ACRE TRACT AND THE SOUTH MARGIN OF SAID COUNTY ROAD 328, S 87° 50' 40" E 793.4 FEET TO AN IRON ROD SET, N 85° 34' 30" E 226.5 FEET TO AN IRON ROD SET AND S 88° 38' 00" E 1088.7 FEET TO AN IRON ROD FOUND FOR THE MOST NORTH NORTHEAST CORNER OF THE SAID STANLEY J. KRIST, TRUSTEE 98.30 ACRE TRACT, SAME BEING THE NORTHWEST CORNER OF AN EXISTING GRAVEYARD TRACT;

THENCE, ALONG THE EAST BOUNDARY OF THE SAID STANLEY J. KRIST, TRUSTEE 98.30 ACRE TRACT AND THE WEST BOUNDARY OF SAID EXISTING GRAVEYARD TRACT, S 00° 53' 10" E 271.6 FEET TO AN IRON ROD FOUND FOR AN INTERIOR CORNER OF THE SAID STANLEY J. KRIST, TRUSTEE 98.30 ACRE TRACT, SAME BEING THE SOUTHWEST CORNER OF SAID EXISTING GRAVEYARD TRACT;

THENCE, ALONG THE NORTH BOUNDARY OF THE SAID STANLEY J. KRIST, TRUSTEE 98.30 ACRE TRACT AND THE SOUTH BOUNDARY OF SAID EXISTING GRAVEYARD TRACT, N 89° 18' 30" E 217.3 FEET TO AN IRON ROD FOUND FOR THE EAST NORTHEAST CORNER OF THE SAID STANLEY J. KRIST, TRUSTEE 98.30 ACRE TRACT, SAME LYING IN THE WEST BOUNDARY OF THE SAID ALPHONSE KUBENKA 28.8 ACRE TRACT;

THENCE, ALONG THE EAST BOUNDARY OF THE SAID STANLEY J. KRIST, TRUSTEE 98.30 ACRE TRACT AND THE WEST BOUNDARY OF THE SAID ALPHONSE KUBENKA 28.8 ACRE TRACT, S 00° 58' 10" W 1415.6 FEET TO THE PLACE OF BEGINNING, CONTAINING 98.30 ACRES OF LAND.

A.P.N. 20-0167-0061000-030

2 of 2

This document to which this certificate is affixed is a full, true and correct copy of the original on file and of record in my office.

JUN 30 2015



Julie Karstedt
JULIE KARSTEDT
COUNTY CLERK, FAYETTE COUNTY, TEXAS
KS

April 13 2015 8:18 AM

STATE OF TEXAS          COUNTY OF FAYETTE
I hereby certify that this instrument was FILED on the date and at the time stamped hereon by me and was duly RECORDED in the Volume and Page of the OFFICIAL RECORDS of Fayette County, Texas as stamped hereon above time.

JULIE KARSTEDT, COUNTY CLERK

Stamps: 5 Page(s)  KS

**Exhibit H - Page 5 of 5**