**Amended Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed November 9, 2023.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-23-00320-CV**

---

**IN RE HAZ MAT SPECIAL SERVICES AND JOSHUA WILLIAMS, Relators**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**164th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-74593**

---

## MEMORANDUM OPINION

On May 10, 2023, relators Haz Mat Special Services and Joshua Williams (collectively, "HazMat") filed an amended petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the

petition, relators ask this court to compel the Honorable C. Elliott Thornton, presiding judge of the 164th District Court of Harris County, to set aside her May 8, 2023 order denying Haz Mat's motion for continuance.

## BACKGROUND

On October 10, 2019, real party in interest Bulldog Environmental Services, LLC ("Bulldog") sued Haz Mat in Harris County for breach of contract and, alternatively, quantum meruit. According to Bulldog, Haz Mat agreed to purchase "Oiliminator Microbial Solution," which was designed for the purpose of assisting with bioremediation of environmental contamination, from Bulldog. Bulldog allege that, after accepting delivery of 85,660 gallons of Oiliminator from Bulldog, Haz Mat refused to pay the invoices totaling $1,456,220.

Meanwhile, on November 9, 2020, the judge of the 99th District Court in Lubbock County, Texas signed a final summary judgment in favor of Plains Purchasing, Inc. on its claims against Bulldog and Christopher Waters. On May 4, 2023, Plains Purchasing filed a motion for post-judgment receivership pursuant to section 31.002 of the Civil Practice and Remedies Code in the Lubbock County case. Plains Purchasing stated in its motion that it had "learned within the last week that Defendants currently have pending litigation in Harris County, Texas under Cause No. 2019-74593, styled *Bulldog Environmental Services, LLC v. HAZ MAT Special Services, LLC and Joshua Williams*, before the 164th Judicial District Court of Harris County, Texas." Plains Purchasing asserted that any recovery by Bulldog in the lawsuit would be a nonexempt asset. Therefore, Plains Purchasing asked that a receiver be authorized to prosecute, settle, and control the litigation against Haz Mat.

2

That same day that the motion for receivership was filed, the Lubbock court signed the order appointing a receiver and compelling discovery. As relevant to this proceeding, the court granted the receiver, the authority to "prosecute, settle, or control all causes of action, choses of action, or other legal proceedings involving the Defendants in which Defendants seek damages." Among the documents to be turned over to the receiver were "[c]ourt records, complaints, petitions, and other documents filed by Defendants asserting claims against third parties for damages."

Also on May 4, 2023, Haz Mat filed a motion for trial continuance in the underlying case because of the receivership action brought against Bulldog in Lubbock County. The pre-trial conference was set for May 5, 2023, and the trial was set for May 8, 2023. Haz Mat argued that Bulldog and its counsel did not have the authority to proceed with the underlying case and Bulldog's counsel would be the subject of a challenge to show authority to prosecute the case. Haz Mat sought the continuance to allow the receiver to handle the underlying case "as authorized by an Order out of the 99th Judicial District Court."

On May 8, 2023, the trial court signed the order denying Haz Mat's motion for trial continuance. We stayed the commencement of trial.

STANDARD OF REVIEW

Ordinarily, to be entitled to mandamus relief, relator must establish that (1) the trial court abused its discretion; and (2) no adequate remedy by appeal exists. *See In re Christianson Air Conditioning & Plumbing, LLC*, 639 S.W.3d 671, 681 (Tex. 2022) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error

of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302–03 (Tex. 2016) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). The relator must establish that the trial court could reasonably have reached only one decision. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

Courts are to assess the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). Because this balancing depends in large measure on the circumstances presented, courts look to principles rather than simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *Team Rocket, L.P.*, 256 S.W.3d at 262. In addition to impairment of rights, we consider whether mandamus will "allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments." *Id.* Finally, we consider whether mandamus will spare litigants and the public "the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *Id.* Whether an appeal amounts to an adequate remedy depends heavily on the circumstances. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam).

## ANALYSIS

The Texas turnover statute provides judgment creditors with a procedural device to assist them in satisfying their judgment debts. *Alexander Dubose Jefferson & Townsend, LLP v. Chevron Phillips Chem. Co., L.P.*, 540 S.W.3d 577, 581 (Tex. 2018) (per curiam) (citing Tex. Civ. Prac. & Rem. Code § 31.002). The turnover statute authorizes a trial court to (1) "order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property, to a designated sheriff or constable for execution"; (2) "otherwise apply the property to the satisfaction of the judgment"; or (3) "appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment." Tex. Civ. Prac. & Rem. Code § 31.002(b). Section 31.002 is a purely procedural remedy and may not be used to adjudicate substantive rights. *Republic Ins. Co. v. Millard*, 825 S.W.3d 780, 783 (Tex. App.—Houston [14th Dist.] 1992, orig. proceeding).

"Once a turnover order appointing a receiver is signed, all of the judgment debtor's non-exempt property becomes property in custodia legis." *M&E Endeavours LLC v. Air Voice Wireless LLC*, No. 01-18-00852-CV, 2020 WL 5047902, at *5 (Tex. App.—Houston [1st Dist.] Aug. 27, 2020, no pet.) (mem. op.); *see also Bateman v. Brown*, 297 S.W. 773, 775 (Tex. App.—Amarillo 1927, writ dism'd w.o.j.) ("A receiver is an arm of the court, and his possession under the orders of the court places the property in his hands in custodia legis."). In other words, the court appointing a receiver generally has exclusive jurisdiction over property subject

5

to the receivership. *Pratt v. Amrex, Inc.*, 354 S.W.3d 502, 504 (Tex. App.—San Antonio 2011, pet. denied); *see also In re Abira Med. Labs, LLC*, No. 14-17-00841-CV, 2018 WL 1004672, at *5 n.4 (Tex. App.—Houston [14th Dist.] Feb. 22, 2018, orig. proceeding [mand. denied]) (mem. op.) ("Usually, when funds or property are held by an instrumentality of the court, and are subject to the control of the court, the fund or property is held in custodia legis."). The court retains power over the receivership property until it either relinquishes its jurisdiction over the suit or discharges the receiver and restores the receivership property to its rightful owners. *Pratt*, 354 S.W.3d at 504.

An unadjudicated cause of action is generally considered "property" that may be the subject of an order under the turnover statute. *In re Farmers Ins. Exch.*, No. 13-14-00330-CV, 2014 WL 6804986, at *3 (Tex. App—Corpus Christi-Edinburg, Dec. 4, 2014, orig. proceeding) (mem. op.); *see also D & M Marine, Inc. v. Turner*, 409 S.W.3d 853, 857 (Tex. App.—Fort Worth 2013, no pet.) (stating that causes of action generally constitute property subject to turnover by a court); *Main Place Custom Homes, Inc. v. Honaker*, 192 S.W.3d 604, 627 (Tex. App.—Forth Worth 2006, pet. denied) (stating cause of action is property to which turnover statute applies).

Standing is a constitutional prerequisite to maintaining suit. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993). Standing is a "prerequisite to subject-matter jurisdiction, and subject-matter jurisdiction is essential to a court's power to decide a case." *Garcia v. City of Willis*, 593 S.W.3d 201, 206 (Tex. 2019). Standing is a party's justiciable interest in a suit. *El T.*

6

*Mexican Rests., Inc v. Bacon*, 921 S.W.2d 247, 249 (Tex. App.—Houston [1st Dist.] 1995, writ denied).  A judgment by a trial court lacking subject matter jurisdiction is void.  *Abdullatif v. Erpile, LLC,* 460 S.W.3d 685, 694 n.10 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

Here, the Lubbock court specifically gave the receiver the power to "prosecute, settle, or control all causes of action, choses of action, or other legal proceedings involving the Defendants in which Defendants seek damages."  At this point Bulldog no longer had authority or standing to prosecute its claims against Haz Mat.  If Bulldog does not have standing to prosecute its claims, any judgment entered by the trial court will be void.  The trial court abused its discretion by denying Haz Mat's motion for continuance.

We also conclude that Haz Mat does not have an adequate remedy by appeal.  By being forced to go to trial resulting in a void judgment, Haz Mat will lose an important substantive right to participate in a trial that will yield a valid judgment.  *See Team Rocket, L.P.*, 256 S.W.3d at 262.  Moreover, mandamus will save Haz Mat, Bulldog, and the public the time and money wasted due to the eventual reversal of an improperly conducted trial with a plaintiff who does not have standing to proceed to trial and prosecute its claims.  *Id.*

## CONCLUSION

Having determined that the trial court abused its discretion and Haz Mat does not have an adequate remedy by appeal, we conditionally grant the amended petition for writ of mandamus.  We direct the trial court to vacate its May 8, 2023 order denying Haz Mat's motion for continuance and to grant the motion for continuance.

We are confident the trial court will act in accordance with this opinion and a writ will issue only if the trial court fails to comply. We lift our May 8, 2023 stay.

PER CURIAM

Panel consists of Justices Jewell, Hassan, and Wilson.